

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George C. Betts
Veterans State Service Office
Land Office Bldg.
Austin, Texas

Dear Sir:

Opinion No. O-804
Re: Are certified copies of marriage
certificates included under provisions
of House Bill 1004, 46th Legislature
Regular Session.

This department has considered your request for an
opinion as contained in your letter of June 14th wherein you
state that certain county clerks do not interpret House Bill
1004, passed by the 46th Legislature, to cinclude certified
copies of marriage certificates. In view of this situation
you desire our opinion as to whether or not such certificates
are included within the provisions of said bill.

In answering your request which involves a construc-
tion of House Bill 1004, permit us to state that we express no
opinion herein upon any question pertaining thereto, other than
that specifically asked and answered herein.

House Bill 1004 passed by the 46th Legislature, and
Section 1 thereof, provides as follows:

"Section 1. That from and after the
effective date of this Act, all County
Clerks, District Clerks, and other officials
in this State who are required to issue any
form of certificate or any copy or copies of
instruments necessary as proof to establish
any claim or claims of any ex-service men of
the Federal Government, shall issue such cer-
tificate, and likewise certified copies of
any instrument necessary to prove any fact or
establish any claim of such ex-service men,
free of any any charge, and shall include
the establishing of compensation status, and
any other necessary fact to be established
to aid and assist such ex-service men in

completing the record of such service when nec-
essary or required in the establishment of claims
and necessary service status, in either the World
War, the Spanish-American War, or any other active
service, where such service was rendered, and where
the person would, on proper proof, be entitled to
compensation, insurance, or any other form of adp
justed settlement for service rendered to the United
States Govebnment by such ex-service men.  The
County Clerk, District Clerk, or other officials
issuing such certificates for certified copies of
instruments, shall not be liable for any settle-
ment for any such reduction, and the same shall
not be counted as fees collected and chargeable to
such office, and shall form no part of the maximum
fees of such office.  All of the provisions of
Section 1 hereof, shall inure to the heirs at law
of such  ex-service men, where the proof is nec-
essary to establish the claim emanating through or
under such ex-service men."

The pertinent provisions of Section 1 of the bill
provides that all county clerks who are required to issue
any form of certificate or any copy or copies of instruments
necessary as proof  . . .  shall issue such certificates and
likewise certified copies of any instrument necessary to
prove any fact or establish any claim of such ex-service men,
free of charge . . .

Article 6591, Revised Civil Statutes, 1925, provides
that county clerks shall be the recorders for their respective
counties and Article 6600 provides that the county clerks
shall give attested copies whenever demanded of all papers
recorded in his office; and that he shall receive for all
such copies, such fees as may be provided by law.

It is obvious that the Legislature used the word
"required" in the sense of that which is demanded as a neces-
sary requirement.  Under the provisions of Article 4606, Re-
vised Civil Statutes, 1925, it is the duty of the clerk to
record all marriage licenses when issued, in a well-bound
book kept for the purpose and after the solemnization of the
marriage and the return of the license to the county clerk
with such fact endorsed thereon, it is further the duty of
the clerk to record such return.  It can thus be plainly
seen that a marriage license, being recorded in the county
clerk's office is plainly such paper which the clerk is re-

quired, under Article 6600, to give ceritifed copies of when demanded under the provisions thereof.

It is, therefore, the opinion of this department that certified copies of marriage certificates or attested copies of the recorded marriage license and return are within the purview of House Bill 1004, 46th Legislature, Regular Session, Acts of 1939.

Yours very truly

ATTORNEY GENERAL OF TEXAS

(SIGNED)  Wm.J.R.King
Wm. J. R. King
Assistant

WmK:FL

APPROVED AUG. 18, 1939

(Signed)  Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By R. W. F.
Chairman